# EXHIBIT E



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/664,737 | 09/18/2003 | Chester L. Smitherman | 127976-1000 | 5612 |

40184    7590    12/07/2004
JENNIFER S. SICKLER
1000 LOUISIANA
SUITE 3400
HOUSTON, TX 77002

| EXAMINER |
|---|
| ZANELLI, MICHAEL J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3661 | |

DATE MAILED: 12/07/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/664,737 | SMITHERMAN ET AL. |
| | Examiner | Art Unit |
| | Michael J. Zanelli | 3661 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>18 September 2003</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>1-20</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-20</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>18 September 2003</u> is/are: a) ☐ accepted or b) ☒ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some *  c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

Application/Control Number: 10/664,737 Page 2
Art Unit: 3661

## DETAILED ACTION

1. The application filed 9/18/03 has been examined. Claims 1-20 are pending.

2. The lengthy specification has not been checked to the extent necessary to determine the presence of all possible minor errors. Applicant's cooperation is requested in correcting any errors of which applicant may become aware in the specification.

3. The drawings are objected to because in Fig. 1 an arrow is pointing to the block labeled "main computer console", but does not have a number associated with it.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. The replacement sheet(s) should be labeled "Replacement Sheet" in the page header (as per 37 CFR 1.84(c)) so as not to obstruct any portion of the drawing figures. If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

4. Claim 4 is objected to because of the following informalities:

    A. As per claim 4, delete extraneous "wherein 2".

Application/Control Number: 10/664,737  Page 3
Art Unit: 3661

5. Claims 2-4, 6, 7 and 15-20 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    A. As per claim 2, the claim is unclear as to whether the "second focal axis" recited is the same or different than the one recited in claim 1. It appears that claim 2 should recite --a third focal axis-- (see similar claim 13).

    B. As per claim 4, "the first common plane" lacks antecedence.

    C. As per claim 6, "the first common plane" lacks antecedence. Note line 2 does not specify that the plane is common.

    D. As per claim 15, at line 18 the claim is unclear as to which array is being referred to (see lines 7, 11 and 14).

    E. As per claim 16, see comments above regarding claim 2.

    F. All claims depending from a rejected base claim are also rejected as containing the same deficiencies.

6. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any

evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g) prior art under 35 U.S.C. 103(a).

7. Claims 1-20 are rejected under 35 U.S.C. 103(a) as being unpatentable over Garrot, Jr. et al. (5,878,356) in view of Pack et al. (US 2002/0060784) and Hofmann (4,689,748).

    A. As per claims 1, 8 and 15, Garrot discloses a system for mapping a surface (Abs; Fig. 1) comprising: a GPS antenna/receiver (19,20) for receiving global positioning signals from GPS satellites (i.e., transmitters); attitude measurement unit (26); imaging array (12); and a computer (30) connected to the above devices to correlate obtained images of the surface with position/measurement parameters (col. 5, line 66 to col. 6, line 12). Garrot further discloses that each pixel comprising the obtained image is georeferenced by absolute coordinates (col. 12, lines 6-11). The claimed invention differs in that an elevation measurement unit is included; however, Garrot suggests that one can supplement the image data with digital elevation data (see col. 11, lines 51-54). One of ordinary skill in the art would have found it obvious to utilize known means in the surface imaging art to provide the elevation data. For example, Pack discloses a topography system which provides both surface images and elevation data and uses that information with position and orientation information to generate surface images (Abs). One of ordinary skill in the art would have found it obvious to incorporate the elevation measurement unit of Pack because it would have provided the elevation data at the same time as the images were obtained, thus

eliminating the need to access a separate elevation database during post-production. The claims further differ in the structure of the imaging array. Garrot discloses a preferred embodiment which includes an infrared imager; however, Garrot suggests that other types of imaging devices may alternatively be used (col. 6, lines 21-24). One of ordinary skill in the art of surface imaging would have been motivated to utilize other known imaging devices. For example, Hofmann discloses an optical imaging device used in generating surface images. As shown in Fig. 1a, the device (10) constructed for installment in an aircraft would have necessarily included a housing for containing a plurality of image sensors (A-C) and an aperture (D) through which the focal axes intersect as shown (see also col. 3, lines 28-33). One of ordinary skill in the art would have found it obvious to alternatively utilize the imaging device taught by Pack because Garrot suggests that various types of imaging devices may be used in his system.

B. As per claims 2-7, 13, 14 and 16-20 as above whereby the teachings of Hofmann illustrate the basic optical relationships between the imaging devices and their focal axes relative to the aperture. One of ordinary skill in the optical imaging art would have found it obvious that the teachings of Hofmann could be extrapolated to incorporate additional imaging sensors and focal axes whereby the orientation of the imaging sensors and focal axes would have defined the corresponding imaging plane(s).

C. As per claims 9, 10, and 12, as above whereby Garrot discloses using GPS information from satellites as well as ground-based stations (col. 7, lines 24-35) and that attitude measurements are provide by a gyroscope (Fig. 1:26).

Application/Control Number: 10/664,737 Page 6
Art Unit: 3661

    D.    As per claim 11, as above whereby Pack provides the elevation data from a LIDAR (Abs).

8. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. The cited documents are of general interest.

9. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Michael J. Zanelli whose telephone number is (703) 305-9756. The examiner can normally be reached on Monday-Thursday 5:30 AM - 4:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Thomas G. Black can be reached on (703) 305-8233. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

/mjz

MICHAEL J. ZANELLI
PRIMARY EXAMINER